LAWRENCE G. WASDEN
ATTORNEY GENERAL

STEVEN L. OLSEN, ISB #3586
Chief of Civil Litigation

CLAY R. SMITH, ISB #6385
Deputy Attorney General
954 W. Jefferson Street, 2nd Floor
P.O. Box 83720
Boise, ID  83720-0010
Telephone:  (208) 334-2400
Facsimile:  (208) 854-8073
      Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JENNIE LINN MCCORMACK, on behalf of herself and all others similarly situated, and in the interests of the general public,<br><br>Plaintiff,<br><br>v.<br><br>MARK L. HIEDEMAN, Bannock County Prosecuting Attorney,<br><br>Defendant. | Case No. 11-CV-00433-BLW<br><br><br><br><br><br>**ANSWER** |

      Defendant respectfully answers the complaint herein as follows:

### FIRST DEFENSE

      1.      Paragraphs 1 through 5 are only narrative that requires no admission or denial.

      2.      Paragraph 6 is admitted to the extent Plaintiff challenges Idaho Code §§ 18-606(2), -607 and -608A but is denied otherwise.

      3.      Paragraph 7 is admitted.

ANSWER - 1

4. Paragraph 8 is admitted to the extent it alleges that Plaintiff is a female and resides in Bannock County, Idaho. Defendant is without knowledge concerning her present medical condition and therefore cannot admit or deny the remaining allegations.

5. Paragraph 9 is admitted.

6. Defendant is without knowledge concerning the availability of all forms of elective abortions in southeast Idaho and therefore cannot admit or deny paragraph 10.

7. Defendant is without knowledge concerning facts underlying the allegations in paragraphs 11 through 13 and therefore cannot admit or deny such paragraphs. By way of further answer, Defendant has no knowledge concerning the meaning of the term "significantly burden" as used in paragraphs 11 and 12.

8. Defendant admits the allegations in paragraph 14.

9. Defendant admits that Plaintiff stated to representatives of the Pocatello Police Department that she was pregnant during December 2010 and could not afford the cost of obtaining an abortion from a clinic in Salt Lake City, Utah. Except as specifically admitted, Defendant is without knowledge concerning the allegations in paragraph 15 and therefore cannot admit or deny them.

10. Defendant admits that Plaintiff stated to representatives of the Pocatello Police Department that she terminated a pregnancy in December 2010 through ingestion of medications with the purpose of inducing an abortion. Except as specifically admitted, Defendant is without knowledge concerning the allegations in paragraph 16 and therefore cannot admit or deny them.

11. Paragraph 17 is admitted.

12. Paragraph 18 is denied to the extent it alleges that the criminal proceeding referred to in the previous paragraph was dismissed formally. By way of further answer, Defendant states that a written order of dismissal was not entered until September 7, 2011.

13. Paragraph 19 is admitted.

14. Defendant is without knowledge concerning facts underlying the allegations in paragraphs 20 and 21 and therefore cannot admit or deny such paragraphs.

15. Paragraph 22 is denied.

16. The provisions in Title 18, Chapter 6 speak for themselves, and paragraphs 23 through 30 are admitted to the extent that they accurately quote such statutes.

17. Paragraph 31 is denied.

18. The provisions in Title 18, Chapter 6 speak for themselves, and paragraphs 32 through 35 are admitted to the extent that they accurately quote such statutes.

19. Sections 18-604(11) and -608A speak for themselves and require an Idaho licensed physician to cause or perform any "abortion," as defined in Idaho Code § 18-604(1), that occurs in Idaho. Defendant is without knowledge concerning the meaning of the term "assistance" as used in paragraph 36 and therefore cannot admit or deny paragraph 36 in its entirety.

20. Paragraph 37 is denied.

21. The provisions in Title 18, Chapter 6 speak for themselves, and paragraphs 38 through 42 are admitted to the extent that they accurately quote such statutes.

22. Paragraph 43 is denied.

23. The provisions in Title 18, Chapter 6 speak for themselves, and paragraphs 44 and 45 are admitted to the extent that they accurately quote such statutes.

24. Paragraphs 46 through 48 are denied.

25. The provisions in Title 18, Chapter 5 speak for themselves, and paragraphs 49 through 54 are admitted to the extent that they accurately quote such statutes.

26. Paragraph 55 is denied.

27. The provisions in Title 18, Chapter 5 speak for themselves, and paragraphs 56 and 57 are admitted to the extent that they accurately quote such statutes.

28. Paragraph 58 is denied.

29. Paragraph 59 is narrative that requires no admission or denial.

30. The first sentence in paragraph 60 is narrative that requires no admission or denial. The second sentence is denied.

31. Paragraph 61 is denied.

32. Defendant is without knowledge concerning the facts underlying the allegations in paragraph 62 and therefore cannot admit or deny them.

33. Paragraphs 63 through 68 are denied.

34. The responses to paragraphs 1 through 68 are incorporated by reference in answer to paragraph 69.

35. Paragraph 70 is narrative that requires no admission or denial

36. Paragraphs 71 through 75 are denied.

37. The responses to paragraphs 1 through 75 are incorporated by reference in answer to the first paragraph 76.

38. The second paragraph 76 is narrative that requires no admission or denial.

39. Paragraphs 77 through 80 are denied.

40. The responses to paragraphs 1 through 80 are incorporated by reference in answer to paragraph 81.

41. Paragraph 82 is narrative that requires no admission or denial.

42. Paragraph 83 is denied.

43. The responses to paragraphs 1 through 83 are incorporated by reference in answer to paragraph 84.

44. Paragraph 85 is narrative that requires no admission or denial.

45. Paragraphs 86 and 87 are denied.

46. The responses to paragraphs 1 through 87 are incorporated by reference in answer to paragraph 88.

47. Paragraph 89 is narrative that requires no admission or denial.

48. Paragraphs 90 through 95 are denied.

49. The responses to paragraphs 1 through 95 are incorporated by reference in answer to paragraph 96.

50. Paragraph 97 is narrative that requires no admission or denial.

51. Paragraphs 98 through 102 are denied.

52. The responses to paragraphs 1 through 102 are incorporated by reference in answer to paragraph 103.

53. Paragraphs 104 and 105 are denied.

54. The responses to paragraphs 1 through 105 are incorporated by reference in answer to paragraph 106.

55. Paragraphs 107 through 110 are denied.

## SECOND DEFENSE

Plaintiff lacks standing to challenge Title 18, Chapters 5 and 6, Idaho Code, except for Idaho Code §§ 18-606(2), -607 and -608A.

## THIRD DEFENSE

The complaint fails to state a claim upon which relief may be granted.

## FOURTH DEFENSE

This action is not appropriate for class action certification under Fed. R. Civ. P. 23(b)(2).

WHEREFORE, having fully answered, Defendant requests that judgment be entered in his favor, with costs, fees and all other appropriate relief granted.

DATED this 18th day of November, 2011.

                                                                              STATE OF IDAHO
                                                                              OFFICE OF THE ATTORNEY GENERAL

By   */s/ Clay R. Smith*
        CLAY R. SMITH
        Deputy Attorney General

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of November, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| John B. Ingelstrom | jbi@racinelaw.net |
| Richard A. Hearn | rah@racinelaw.net |
| Jonathan M. Volyn | jmv@racinelaw.net |

                                                */s/ Clay R. Smith*
                                                CLAY R. SMITH
                                                Deputy Attorney General