UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JENNIE LINN MCCORMACK, on behalf of herself and all others similarly situated, and in the interests of the general public,<br><br>Plaintiff,<br><br>v.<br><br>MARK L. HIEDEMAN, Bannock County Prosecuting Attorney,<br><br>Defendant. | Case No. 4:11-cr-00433-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to intervene filed by Richard Hearn, M.D. The motion is fully briefed and at issue. For the reasons specified below, the Court will grant the motions and allow the applicant to intervene as of right under Rule 24(a)(2).

## BACKGROUND

Plaintiff Jennie Linn McCormack filed a class action in this court on September 16, 2011, seeking to have the criminal sanctions in Idaho's abortion statutes (Idaho Code Title 18, Chapters 5 and 6) declared unconstitutional. She also sought an injunction prohibiting Defendant Mark L. Hiedeman from prosecuting or threatening to prosecute

any woman in Bannock County seeking an abortion, or any health care provider in Idaho allegedly involved with such women, for violation of Idaho Code 18 Chapters 5 and 6. McCormack then sought a preliminary injunction on September 28 to virtually the same effect—to enjoin Hiedeman from enforcing Idaho Code §§ 18-606 and 18-608(1). The court granted this preliminary injunction on October 7, 2011.

The Court denied certification of McCormack's class on January 27, 2012. In considering the certification question, the court determined that McCormack's standing to attack these provisions of Idaho law is limited. First, the court found that McCormack does not have standing for future pregnancies because the possibility of future pregnancy is too speculative to be imminent, and is therefore too remote to provide a basis for standing. McCormack does, however, have standing for her past abortion, but not with regard to Idaho Code Title 18, Chapter 5 or § 18-605. This leaves only §§ 18-606(2), -607, -608, and -608A. However, while the Court established that McCormack lacks standing to challenge particular statutes, the court has yet to dismiss those claims.

On February 23, 2012, Richard Hearn, M.D. moved to intervene. Hearn is a licensed physician in Idaho who seeks to represent physicians like himself who may wish to perform abortions and their patients who may seek abortions in the future. Hearn also desires to prescribe FDA-approved medication to induce abortions in his patients.

## LEGAL STANDARD

Rule 24(a) contains the standards for intervention as of right as follows:

Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property

> or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Circuit has distilled this provision into a four-part test: (1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit. *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001). The inadequacy standard is met if representation "may be" inadequate. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2004).

In general, the Court must construe Rule 24(a) liberally in favor of potential intervenors. *Berg,* 268 F.3d at 818. However, "[f]ailure to satisfy any one of the requirements is fatal to the application." *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir.2009).

Where intervention as of right fails, a party may still seek permissive intervention under Rule 24(b). Under this rule, "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." 24(b)(1)(B). The rule also indicates that the court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." 24(b)(3). As with Rule 24(a) intervention, the court should interpret the

MEMORANDUM DECISION AND ORDER - 3

requirements broadly in favor of intervention. *United States v. Aerojet*, 606 F.3d 1142 (9th Cir. 2010) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

## ANALYSIS

### 1. Timeliness

For purposes of both forms of intervention, the parties agree that timeliness is not an issue. Hiedeman argued in his brief that while Hearn "may be on the cusp of untimeliness" *Def.'s Opp.* at 4, Dkt. 45, the factor of untimeliness as grounds for denial of intervention is debatable. Since the Court is required to interpret facts in the intervenor's favor, finding that Hearn is on the "cusp of untimeliness" would be insufficient grounds to deny intervention.

### 2. Protectable Interest

Hiedeman's opposition to intervention rests largely on the second factor governing mandatory intervention – i.e., whether Hearn has a significant, protectable interest justifying intervention. Hiedeman argues that the issues presented in intervention are not sufficiently related to the "subject of the action" – namely those issues remaining to be decided in the case. Citing the Court's decision on the motion to certify, Hiedeman points out that the only issues McCormack has standing to pursue are those related to her particular circumstances; that is,

> whether, under the statutes in effect in December 2010, it is constitutional for Idaho to prosecute a woman who procured an abortifacient from an outside-of-State [sic] provider, took the abortifacient, and thereby induced an abortion without the services of a physician.

*Def.'s Opp.* at 5, Dkt. 52. Based on this observation, Hiedeman argues that Hearn's interests in the case, which involve the relationship between women seeking abortions and their health care providers, are not "the same as those remaining in the [McCormack's] case," which conspicuously involved no physicians. *Id.* at 4. Hiedeman argues that as a physician, Hearn has no interest in McCormack's remaining issues, and therefore does not have a protectable interest in the case. The Court disagrees.

Hiedeman seems to have interpreted the "protectable interest" requirement to mean that the intervenor's interests must be the same as the "subject of the action" pending before the Court.   However, the language of Rule 24(a) is clear that an intervenor need only have a protectable interest "*relating to* the property or transaction which is the subject of the action" (emphasis added). Under this view, complete, or even substantial, overlap is unnecessary to justify intervention.

Hiedeman raises a concern that Hearn is coming to the action merely "to introduce issues into this case that McCormack has no standing to present." *Def.'s Opp.* at 5. However, courts often permit intervention that raises new issues related and relevant to the action. For example, in *Kootenai Tribe of Idaho v. Veneman, C.A.,* 313 F.3d 1094, 1110 (9th Cir. 2002), the court permitted intervention by environmental groups in an action challenging the U.S. Forest Service's roadless area conservation rule, even though the environmental groups sought to raise defenses the government would not. In fact, this goal of protecting interests otherwise not protected by the parties constitutes the fourth factor of this analysis.

Additionally, while the Court did determine that McCormack has no standing to challenge certain provisions of Idaho's abortion statutes, the Court has not dismissed McCormack's claims with regard to those provisions. In fact, as Hearn notes, McCormack's standing on those issues is currently on appeal. So while McCormack does not currently have standing to challenge certain provisions in her claim, those provisions remain a part of the proceedings, and therefore part of the "subject of the action."

As a health care provider seeking to provide abortions and medication for that purpose, Hearn has an interest in the ability of women in Bannock County to obtain abortions without fear of prosecution by the state, as well as an interest in his own ability to provide abortions to such women without fear of prosecution. These interests are closely related to the issue at the core of the action in this case, namely the disposition of Idaho's abortion laws and the duration of the injunction against the State for prosecution of women and health care providers under those laws. Despite Hearn's reliance on hypothetical, future abortion patients for the protectability of his interest, the Ninth Circuit has held in similar situations that the doctor's interest in "practicing medicine pursuant to his best medical judgment" is implicated by statutes like those at issue here. *Planned Parenthood of Idaho*, 376 F.3d at 917. Thus, Dr. Hearn has a protectable interest sufficiently related to the issues of this case.

### 3. Impairment of Ability to Protect Interest

This element of the intervention analysis asks whether Dr. Hearn's ability to protect his interests would be impaired or impeded by the disposition of the action. Dr.

Hearn argues that if the preliminary injunction is not made permanent, he will be significantly burdened in a practical sense from providing abortions and abortifacients to his patients due to the threat of criminal prosecution for doing so. The result of this case would surely affect both his practice and his pool of patients.

Defendant argues that Dr. Hearn cannot justify intervention based upon interests that the Court has determined McCormack does not have standing to pursue. Hiedeman argues, "no decisions yet to be rendered by the District Court will impair or impede Movant's interests as a physician or the interests of his patients who would receive his physician's care." *Def.'s Opp.* at 6, Dkt. 45. However, as discussed above, these issues are still "alive" in the case, as they have not been dismissed. Thus, since factors such as criminal prosecution of health care providers for performance of abortions remain to be decided in the case, Hearn's interest in providing abortions for his patients stands to be significantly affected by the outcome of the case.

4. **Adequacy of Representation**

Where the party and the proposed intervenor have the same "ultimate objective," a presumption of adequacy of representation arises. *Freedom from Religion Foundation, Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011) (quoting *Perry*, 587 F.3d at 951). This presumption can be rebutted only by a "compelling showing to the contrary." *Id.* Hearn's claims are largely the same as McCormack's, and their objectives are the same—to have certain of Idaho's abortion laws declared unconstitutional in order to alleviate the threat of criminal prosecution against women seeking abortions, as well as against the health

care providers who perform or arrange those abortions. Therefore a presumption of adequacy arises in this case, and the burden is on Hearn to rebut it. In resolving this issue, the Court must consider:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.

*Berg*, 268 F.3d at 822.

The Circuit has further instructed that "the focus should be on the 'subject of the action,' not just the particular issues before the court at the time of the motion" *Id.* at 823. As such, all of McCormack's claims are important to this analysis, including those she does not now have standing to pursue.

First, the Court examines whether McCormack will undoubtedly make all of the intervenor's arguments. As Hiedeman noted, McCormack's Complaint "bears a more than passing resemblance to the Complaint in Intervention." *Def's Opp.* at 4, Dkt. 45. The eight counts in Dr. Hearn's complaint closely parallel the eight counts in McCormack's complaint, suggesting that unless McCormack's claims under Title 18, Chapter 5 and § 18-605 are dismissed, McCormack will make all of the arguments Dr. Hearn seeks to make on intervention.

But McCormack, however willing, may not be cap*able* of making all of the intervenor's arguments. Because McCormack has no standing to protect some of the intervenor's essential interests, she is not able to make all of Dr. Hearn's arguments.

Finally, Hearn claims that he offers necessary elements to the proceedings that McCormack would otherwise neglect. While McCormack is not purposely neglecting the interests she has no standing to protect—in fact, she is still doing her best to pursue them—she is nevertheless forced to neglect Dr. Hearn's interests as a physician seeking to provide abortions. By intervening, Dr. Hearn would add that element back into the proceedings.

As Hiedeman noted in his argument in opposition to intervention, Dr. Hearn is in the unusual position of both an intervening physician and McCormack's counsel. As such, the Court seems to be asked to determine whether Dr. Hearn as counsel for McCormack will adequately represent his own interests. Hiedeman argues that were Dr. Hearn not permitted to intervene, he could still protect his interests adequately through his role as McCormack's counsel. However, Rule 24(a) again contradicts Defendant's reasoning: movant must be permitted to intervene "unless the applicant's interest is adequately represented *by existing parties*" (emphasis added). As Dr. Hearn is not an existing party, he cannot rely on his own ability to adequately represent his interests through his client.

So although a presumption of adequacy of representation exists in this case, Hearn has succeeded in rebutting that presumption. McCormack cannot adequately represent Hearn's protectable interests in the proceedings. As the above discussion indicates, Hearn has met all requirements for intervention as of right. It is therefore unnecessary to consider whether Hearn is entitled to permissive intervention.

MEMORANDUM DECISION AND ORDER - 9

## ORDER

**IT IS ORDERED THAT** Dr. Hearn's motion to intervene (Dkt. 45) is **GRANTED** pursuant to Rule 24(a)(2).

DATED: June 6, 2012

B. Lynn Winmill
Chief Judge
United States District Court