UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JENNIE LINN MCCORMACK, on behalf of herself and all others similarly situated, and in the interests of the general public,<br><br>　　　　Plaintiff,<br><br>and<br><br>RICHARD HEARN, M.D., on behalf of himself and his patients seeking medical abortions for health reasons prior to fetal viability,<br><br>　　　　Plaintiff-in-Intervention<br><br>　　v.<br><br>STEPHEN F. HERZOG, Bannock County Prosecuting Attorney,<br><br>　　　　Defendant. | Case No. 4:11-cv-00433-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Jennie McCormack's and Richard Hearn's Motion for Attorneys' Fees pursuant to 42 U.S.C. § 1988. The matters are fully briefed and the Court is familiar with the record. For the following reasons the Court will grant the motion in

part, and deny it in part. More specifically the Court will award $376,208.00, rather than the $407,220.50 Plaintiffs requested in this motion.

## BACKGROUND

On May 2, 2013, the Court entered final judgment in favor of Plaintiffs, McCormack and Hearn. *Final Judgment and Permanent Injunction*, Dkt. 87. The Court declared Idaho Code § 18-606, in conjunction with § 18-608(1) or § 18-608(2); and § 18-505, in conjunction with § 18-507 or § 18-508, as facially unconstitutional. *Id.* The court also permanently enjoined Herzog or any other Bannock County Prosecuting Attorneys from enforcing or initiating prosecuting under these unconstitutional statutory provisions. *Id.* Plaintiffs then filed this motion asking for an attorneys' fees award under 42 U.S.C. § 1988(b). *Pl.'s Br.*, Dkt. 93.

## LEGAL STANDARD

Under the traditional American rule every party bears its own cost of litigation. However, an exception is created in § 1988 "to ensure effective access to the judicial process for persons with civil rights grievances." *Hensley v. Eckhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). That statute provides for attorney fees in "any action or proceeding to enforce a provision of [section 1983]." 42 U.S.C. § 1988(b). Under the statute "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust. *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1124 (9th Cir. 2008). Awarding attorney fees in these cases

is "the rule rather than the exception." *American Broadcasting Companies, Inc. v. Miller*, 550 F.3d 786, 787 (9th Cir. 2008).

Having decided that plaintiffs are entitled to a fee award under § 1988(b), the Court must assess the amount of fees to award. This determination is done through a two-step "hybrid approach." *Lyttle v. Carl*, 382 F.3d 978, 988 (9th Cir. 2004). First, the Court must calculate the "lodestar figure" by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. *See, e.g., Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). Second, the Court must decide whether to enhance or reduce the lodestar figure based on several factors—known as the Kerr factors—to the extent those factors are not already subsumed in the initial lodestar calculation. *Id.* The relevant Kerr factors are: (1) time limitations imposed by the client or the circumstances; (2) the amount involved and the results obtained, (3) the experience, reputation, and ability of the attorneys, (4) the "undesirability" of the case, (5) the nature and length of the professional relationship with the client, and (6) awards in similar cases. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

## ANALYSIS

Herzog concedes that McCormack is the prevailing party under § 1988. *Def.'s Resp. Br.* ¶ 7, Dkt. 95. Herzog also agrees that no special circumstances exist in this case, and concedes that the court should grant attorneys' fees. *Id.* Therefore, the Court must (1) determine the reasonable amount of attorney's fees and expenses using a lodestar

calculation and (2) determine whether exceptional circumstances warrant modifying the lodestar amount.

### 1. Lodestar Amount

The defendant raises concerns regarding both steps of the lodestar calculation – the number of hours billed and the overall reasonableness of the amount claimed.

### A. Reasonable Billing Hours

A Court must determine if the hours billed were "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. However, courts are tasked to consider the reasonableness of the documented hours without resort to blanket measures such as "an across-the-board reduction or rejection of all hours." *Mendez*, 540 F.3d at 1129.

The defendant does not claim that the overall hours claimed by Plaintiffs are unreasonable. Instead, the defendant alleges that individual billing items do not fall within the reasonable attorneys' fees under § 1988. The defendant claims that it is unreasonable for the attorneys to include in their fees (1) the hours billed for tasks completed for the state court criminal proceedings; (2) the hours billed for preparing a motion for continuance; and (3) the hours billed for non-compensable tasks. *Def.'s Resp.* ¶¶ 7, 9-10, Dkt. 95.

Plaintiffs contend that the criminal proceedings were a "condition precedent" to the § 1983 constitutional rights claim. *Pl.'s Reply Br.* ¶¶ 5-8, Dkt. 93-1. Because of this, Plaintiffs have requested attorneys' fees for the criminal proceedings. *Id.* In contrast, the defendant states that the attorney fees associated with McCormack's representation in the

state court criminal proceeding should be denied because the criminal proceeding is completely separate, or "ancillary," to the § 1983 claim. *Def.'s Resp.* ¶ 7, Dkt. 95. Therefore, the defendant argues that the 29.5 hours billed by Attorney Hearn and 36.6 hours billed by Attorney Ingelstrom in the *Detailed Transaction List* for preparation and litigation of the criminal proceedings should be removed from the recoverable attorneys' fees. *Id.*

Under the plain language of the statute, a party may recovery attorney's fees "[i]n any action or proceeding to enforce a provision of section…1983." 42 U.S.C. § 1988(b). It is clear from the record that the criminal proceedings were not related to an action to enforce a provision of § 1983, rather they were meant to defend McCormack from criminal charges filed against her under Idaho statutory law.

Section 1983 is an independent means for relief for any unconstitutional deprivation of individual rights, and a plaintiff may go directly to a court and assert a claim under the provision. 42 U.S.C. Sect 1983; *Webb v. Board of Education*, 471 U.S. 234, 241 (1985). Because a § 1983 claim can be brought at any time, there is no condition precedent to filing a claim. *See Webb*, 471 U.S. at 241. Because the criminal proceedings were ancillary, and not a condition precedent, Plaintiffs cannot recover attorneys' fees for work done on the criminal proceedings. Therefore, the 29.5 hours billed to Hearn and the 36.6 hours billed to Ingelstrom for the criminal proceedings will not be recovered as attorneys' fees under § 1988. *Detailed Transaction List* ¶¶ 1, 8-9, Dkt. 93-2.

Additionally, Plaintiffs claim 16.5 hours billed between February 20 and February 23 for Hearn's research and preparation of a motion for continuance. *Detailed Transaction List* ¶ 13, Dkt. 93-2. As the defendant correctly points out, Plaintiffs' attorneys never filed a motion for continuance. *Def.'s Resp.* ¶ 10, Dkt. 95. However, Plaintiffs in their reply brief clarifies the hours relating to the motion for continuance were incorrectly labeled. *Pl.'s Reply* ¶ 2, Dkt. 98. The plaintiff asserts that the 16.5 hours were actually spent in preparation of a motion to intervene. *Id.* Because Plaintiffs filed a motion to intervene on February 23, 2012, and the billing statement shows no other hours billed for the motion to intervene, the Court will calculate the 16.5 hours into the fees Plaintiffs can recover. *Motion to Intervene*, Dkt. 45; *Detailed Transaction List* ¶ 13, Dkt. 93-2.

Finally, the defendant claims that the billed attorney hours should be reduced for generally non-compensable services. *Def.'s Resp.* ¶¶ 9-10, Dkt. 95. The defendant claims that (1) Hill's hours billed should be reduced by 19.7 for time attributed to clerical/administrative duties, and (2) Hearn's hours billed should be reduced by five hours for time attributed to press contacts. *Id.* Notably, the plaintiff did not respond to these claims in the reply brief.

The Supreme Court has excluded the recovery of clerical and administrative tasks performed by both paralegals and attorneys. *See Missouri v. Jenkins*, 491 U.S. 274, 288-89 (1989); *see also Presault v. U.S.*, 52 fed. Cl. 667, 681(2002). Because the plaintiff has failed to show that the 16.5 hours Hill billed are not clerical or administrative, the Court

will not allow recovery for these hours. Plaintiffs calculated Hill's billable hours as 26.9, which will be reduced by 16.5. Therefore, Plaintiffs will recover 7.2 total billable hours for Hill.

Although the defendant argues that press contact fees are not recoverable, District Courts within the Ninth Circuit have allowed the recovery of fees for press conferences. *See U.S. v. City and County of San Francisco*, 748 F. Supp. 1416, 1423 (N.D. Cal. 1990) (the Court allowed recovery for press conferences meant to advise class member of events); *See also Pollar v. Judson Steel Corp.*, 1985 WL 312, at *2 (N.D. Cal. May 21, 1985) (the Court found that plaintiffs can recover for the preparation for press conferences to publicize litigation to class members).

In these prior district court cases, press conference fees were only recoverable when used to notify potential class members. *Id.* In this case Plaintiffs' Motion to Certify Class was denied, meaning there was no reason to hold a press conference to provide notice to potential class members. *Order*, Dkt. 43. Additionally, the *Detailed Transaction List* does not state with particularity the reason for the press contacts. Because the plaintiff failed to respond to the defendant's arguments for the hours billed for press contacts, and there is no additional evidence that Plaintiffs would be able to recover, the Court will reduce Hearn's compensable hours by five.

### B. Reasonable Per Hour Billing Rate

To determine a reasonable hourly rate, the district court looks to hourly rates prevailing in the relevant legal community. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th

Cir.2011) (per curiam). The "relevant legal community" is generally the forum in which the district court sits. *Mendenhall v. NTSB*, 213 F.3d 464, 471 (9th Cir.2000). The reasonable rate is measured against the objective scale of "similar services by lawyers of reasonably comparable skill, experience, and reputation." *Stevedoring Services of Am., Inc. v. Dir., Office of Workers Comp. Programs*, 445 F. App'x 912, 913 (9th Cir.2011) (citation omitted).

The parties and the Court agree that the relevant community is Pocatello, where the original complaint was filed and prosecuted. Of the eight attorneys and assistants used in this case, the Defendant only alleges that Hearn's billing rate is not reasonable.

In support of the $350 per hour billing rate used to calculate Hearn's total fees, Plaintiffs submitted two affidavits from attorneys licensed to practice in the Pocatello area. Gary Cooper, a practitioner for thirty eight years, concluded that the reasonable hourly rates for partners in Southeast Idaho "for cases of similar complexity" would be between $300 and $350 per hour. *Cooper Aff.* ¶ 3, Dkt. 93-3. Michael Gaffeny, who has practiced law in Idaho for more than twenty seven years, also concluded that the hourly rate would be between $300 and $350. *Gaffeny Aff.* ¶ 4, Dkt. 93-4.

Although the Defendant makes an argument as to the experience of the other two partners—both of whom received $300 per hour—the Defendant has not made an argument that attorneys who work in cases with similar complexity would not receive an amount between $300 and $350 per hour. The Defendant is merely arguing that Hearn should receive a billing rate at the low end of the reasonable billing hours range for the

Pocatello area to match the rate billed for the other two partners working on the case. *Def.'s Resp.* ¶¶ 8-9, Dkt. 95.

In contrast to the other two partners, Hearn was the lead attorney on the case, and logged over four times as many hours as the other two partners combined. *Detailed Transactions List*, Dkt. 93-2. Because Hearn dealt with more of the complexities of the case, the court finds that an award of $350 per hour is reasonable under these circumstances.

Plaintiffs correctly demonstrated that Hearn's hourly rate was incorrectly calculated at $195 per hour from February 4, 2013, to May 15, 2013. *Detailed Transaction List* ¶¶ 17-18, Dkt. 93-2. Accordingly, the 32.6 hours Hearn incorrectly billed at $195 per hour will be billed at $350 per hour.

### C. Lodestar Calculations

Based on the previous analysis the Court has included in the graph below the total amount recoverable by each attorney and assistant involved in preparing Plaintiffs' case.

| ATTORNEY or ASSISTANT | HOURLY RATE | NUMBER OF HOURS | TOTAL FEES |
|---|---|---|---|
| John B. Ingelstrom | $ 300 | 163.2 | $48,960.00 |
| Brett R. Cahoon | $ 200 | 7.2 | $1,440.00 |
| Scott J. Smith | $ 300 | 31.4 | $9,420.00 |
| Jonathan M. Volyn | $ 250 | 85.9 | $21,475.00 |
| Ferrell Ryan | $ 200 | 14.8 | $2,960.00 |

| Bonnie K. Hill | $ 90 | 7.2 | $648.00 |
| Richard A. Hearn | $ 350 | 800.3 | $280,105.00 |
| Jack Van Valkenburg | $ 250 | 44.8 | $11,200.00 |
| **TOTAL** | | | **$376, 208.00** |

### 2. Exceptional Circumstances- the Kerr Factors

"The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in 'rare' and 'exceptional' cases." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir.2000). An adjustment to the lodestar amount must be supported by both 'specific evidence' on the record and detailed findings. *Id.* This is not a rare or exceptional case where the lodestar amount is unreasonably low or high based on an evaluation of the length and requirements of the proceedings. The Court will therefore award Plaintiffs' counsel the sum of $376,208.00 in attorneys' fees under 42 U.S.C. § 1988(b).

### ORDER

**IT IS ORDERED:**

Plaintiffs' Motion for Attorneys' Fees (Dkt. 93) is **GRANTED in part and DENIED in part**. The Motion is **GRANTED** as Plaintiffs are awarded $376, 208.00 in attorneys' fees. The Motion is **DENIED** to the extent it seeks additional sums.



DATED: August 16, 2013

B. Lynn Winmill
Chief Judge
United States District Court